Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jacquel Rochelle Tinsley** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

Case number: 24-59184-sms
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
3.5, 2.1

# First Amended Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Debtor **Jacquel Rochelle Tinsley** Case number _____

Check one: ☑ 36 months ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$825.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

§ 2.2   **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

§ 2.3   **Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years **24-26**, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

§ 2.4   **Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

§ 2.5   **[Intentionally omitted.]**

§ 2.6   **Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

| Part 3: | Treatment of Secured Claims |

§ 3.1   **Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

Debtor    **Jacquel Rochelle Tinsley**                              Case number

§ 3.2    **Request for valuation of security and modification of certain undersecured claims.**

    ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

§ 3.3    **Secured claims to be paid in full.**

*Check one.*

    ☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
    ☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

    (1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

    (2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

    (3) the value of the collateral exceeds the anticipated claim; or

    (4) the claim listed shall be paid in full because the claim is cosigned; or

    (5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

    (a) payment of the underlying debt determined under nonbankruptcy law, or

    (b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| **Volkswagen Credit, Inc** | 2022 Volkswagen Tiguan 35000 miles | Opened 07/22 Last Active 7/18/24 | $**30,753.00** | **10.00**% | $**400.00** | $400.00 to 716 in November 2025 |

§ 3.4    **Lien avoidance**.

*Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5    **Surrender of collateral.**

*Check one.*

    ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
    ☑ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

Debtor  **Jacquel Rochelle Tinsley**  Case number  _____

| Name of Creditor | Collateral |
|---|---|
| **Freedom Road Financial** | 2020 KTM 250 SX |

§ 3.6    **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __9.00__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

§ 4.1    **General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2    **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3    **Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__4,500.00__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__316.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

Debtor   **Jacquel Rochelle Tinsley**　　　　　　　　Case number _____

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4 Priority claims other than attorney's fees.

☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $0.00 |
| IRS | $1824 |

## Part 5: Treatment of Nonpriority Unsecured Claims

### § 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☑ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

### § 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

### § 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

Debtor  **Jacquel Rochelle Tinsley**                                    Case number

**§ 6.1**  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

✓    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |

**§ 7.1**  **Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | **Nonstandard Plan Provisions** |

**§ 8.1**  **Check "None" or List Nonstandard Plan Provisions.**

✓    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signatures:** |

**§ 9.1**  **Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X   **/s/ Jacquel Rochelle Tinsley**                              X  _____
    **Jacquel Rochelle Tinsley**                                      Signature of debtor 2 executed on
    Signature of debtor 1 executed on   **12/5/2024**

    **1500 Walton Reserve Dr**
    **Apt 9305**
    **Austell, GA 30168**
    Address                  City, State, ZIP code                   Address                  City, State, ZIP code

X   **/s/ Brian M. Shockley, GA Bar No.**                        Date:  **12/5/2024**
    **Brian M. Shockley, GA Bar No. 643752**
    Signature of attorney for debtor(s)

    **Clark & Washington, P.C.**
    **3300 NE Expressway**
    **Building 3**
    **Atlanta, GA 30341**
    **(404) 522-2222**
    **(770) 220-0685 - fax**
    Firm                                                              Address                  City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

| | |
|---|---|
| IN RE: | * CASE NO. 24-59184-sms |
| | * |
| Jacquel Rochelle Tinsley | * CHAPTER 13 |
| AKA Jacquel Tinsley; AKA Jacquel R Tinsley | * |
| | * |
| | * |
| | * |
| | * |
| Debtor. | * |

## CERTIFICATE OF SERVICE

I certify that I served the following parties with a true copy of the attached "Amendment to Chapter 13 Plan" by placing the same in the United States Mail with adequate postage affixed to ensure delivery and addressed to:

Jacquel Rochelle Tinsley
1500 Walton Reserve Dr
Apt 9305
Austell GA 30168

And, in the same manner, I served the parties listed in the attached matrix at the addresses indicated therein.

I further certify that K. Edward Safir, the Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

DATE: 12/8/2024
/s/_____
Brian M. Shockley, GA Bar No. 643752
Attorney for Debtors

Clark & Washington, PC
3300 Northeast Expressway
Building 3
Atlanta  GA   30341
Phone: 404-522-2222
Fax:  770-220-0685
Email:  ecfnotices@cw13.com

```
Label Matrix for local noticing          CFNA                                    CREDIT FIRST NA
113E-1                                   Attn: Bankruptcy                        PO BOX 818011
Case 24-59184-sms                        Po Box 81315                            CLEVELAND, OH 44181-8011
Northern District of Georgia             Cleveland, OH 44181-0315
Atlanta
Thu Dec  5 15:50:25 EST 2024

Capital One                              Capital One, N.A.                       E. L. Clark
Attn: Bankruptcy                         by AIS InfoSource LP as agent           Clark & Washington, LLC
Po Box 30285                             4515 N Santa Fe Ave                     Bldg. 3
Salt Lake City, UT 84130-0285            Oklahoma City, OK 73118-7901            3300 Northeast Expwy.
                                                                                 Atlanta, GA 30341-3932


First Progress                           Freedom Road Financial                  FreedomRoad Financial
Attn: Bankruptcy                         Attn: Bankruptcy                        10509 Professional Circle Ste 100
Po Box 9053                              10509 Professional Circle, Suite 100    Reno, NV 89521-4883
Johnson City, TN 37615-9053              Reno, NV 89521-4883


(p)GEORGIA DEPARTMENT OF REVENUE         IRS                                     Navy FCU
COMPLIANCE DIVISION                      401 W. Peachtree St., NW                Attn: Bankruptcy
ARCS BANKRUPTCY                          Stop #334-D                             Po Box 3000
1800 CENTURY BLVD NE SUITE 9100          Room 400                                Merrifield, VA 22119-3000
ATLANTA GA 30345-3202                    Atlanta, GA 30308


Rent Recovery Solution LLC               K. Edward Safir                         (p)SELF INC
Attn: Bankruptcy                         Standing Chapter 13 Trustee             901 E 6TH STREET SUITE 400
1945 The Exchange Se, Ste 120            Suite 1600                              AUSTIN TX 78702-3206
Atlanta, GA 30339-2062                   285 Peachtree Center Ave. NE
                                         Atlanta, GA 30303-1229


Jacquel Rochelle Tinsley                 United States Attorney                  VW Credit, Inc.
1500 Walton Reserve Dr                   Northern District of Georgia            PO Box 9013
Apt 9305                                 75 Ted Turner Drive SW, Suite 600       Addison, Texas 75001-9013
Austell, GA 30168-2533                   Atlanta GA 30303-3309


Verizon Wireless                         Volkswagen Credit, Inc
Attn: Bankruptcy                         Attn: Bankruptcy
500 Technology Dr, Ste 599               2200 Woodland Pointe Ave
Weldon Springs, MO 63304-2225            Herndon, VA 20171-5874
```

              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


```
Georgia Department of Revenue            Self Financial Inc.                     End of Label Matrix
Compliance Division                      Attn: Bankruptcy                        Mailable recipients    19
ARCS Bankruptcy                          515 Congress Ave #2200                  Bypassed recipients     0
1800 Century BLVD NE Suite 9100          Austin, TX 78701                        Total                  19
Atlanta, GA 30345-3202
```